UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA        :    **SECOND FINAL ORDER**
                                         :    **OF FORFEITURE**

         -v.-                            :

                                          :    S1 22 Cr. 180 (KPF)

GAURAV DHINGRA,                   :

                                       :

         Defendant.              :

                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about September 11, 2024, this Court entered a Second Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Asset Order") (D.E. 43), which ordered the forfeiture to the United States of all right, title and interest of GAURAV DHINGRA (the "Defendant") in the following property:

     a. The real property located at 107 Armstrong Place, #410, Canmore, Alberta T1WOA5, more specifically described as Condominium Plan 0513341, Unit 25 and 196, Undivided one ten thousandth shares in the common property excepting thereout all mines and minerals, Title No. 221 031 983, ATS Reference: 5; 10; 24; 15; NW, Municipality: Town of Canmore, Reference Number: 221 031 982;

(the "Substitute Asset");

WHEREAS, the Substitute Asset Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Asset Order, notice of the United States' intent to dispose of the Substitute Asset, and the requirement that any person asserting a legal interest in the Substitute Asset must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Asset and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Asset before the United States can have clear title to the Substitute Asset;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Substitute Asset was posted on an official government internet site (www.forfeiture.gov) beginning on September 28, 2024, for thirty (30) consecutive days, through October 27, 2024, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on April 23, 2026 (D.E. 60);

WHEREAS, on or about January 8, 2025, the Notice of the Preliminary Order of Forfeiture was sent via FedEx International to the following parties:

>Carmen Roque Martinez
>Canmore, Alberta T1W 0A5
>
>Equitable Bank
>Equitable Bank Tower
>30 St. Clair Avenue West, Suite 700
>Toronto, Ontario M4V 3A1
>
>PEKA Professional Property Management, Ltd.
>1002 8th Avenue, #105
>Canmore, Alberta T1W 0C4

(collectively, the "Noticed Parties-1");

WHEREAS, on or about January 10, 2025, the Notice of the Preliminary Order of Forfeiture was sent via FedEx International to the following party:

Jatin Dhingra
Canmore, Alberta T1W 0A5

(the "Noticed Party-2");

WHEREAS, on or about February 7, 2025, the Notice of the Preliminary Order of

Forfeiture was sent via Electronic Mail to the following party:

Condominium Corporation 0513341
d/b/a The Portal at Stewart Creek
c/o Field LLP
Trina Jackson
2500–10175 101 Street NW
Edmonton, AB T5J 0H3

(the "Noticed Party-3");

WHEREAS, on or about February 26, 2026, the Notice of the Preliminary Order of

Forfeiture was sent via FedEx International to the following party:

Scotiabank Head Office
Attn: Scotiabank Legal Department
44 King Street West
Toronto, ON M5H 1H1

(the "Noticed Party-4", collectively with the Noticed Parties-1, Noticed Party-2, and Noticed
Party-3, the "Noticed Parties");

WHEREAS, thirty (30) days have expired since final publication of the Notice of

Forfeiture and no petitions or claims to contest the forfeiture of the Substitute Asset have been

filed;

WHEREAS, the Defendant and the Noticed Parties are the only individuals and/or

entities known by the Government to have a potential interest the Substitute Asset;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the

United States shall have clear title to any forfeited property if no petitions for a hearing to contest

3

the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    All right, title and interest in the Substitute Asset is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.    Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute Asset.

3.    The United States Customs and Border Protection (or its designee) shall take possession of the Substitute Asset and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

The Clerk of Court is directed to terminate the pending motion at docket entry 61.

Dated: New York, New York
    April 24   , 2026

SO ORDERED:

_____
HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE